## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ALVIN PARKER,                                   )
                                    Petitioner,  )
v.                                              )          Case No. CIV-08-114-D
                                                )
WALTER DINWIDDIE, WARDEN,                        )
                                                )
                                    Respondent.  )

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action pursuant to 28 U.S.C. § 2241 challenging

the decision of the Oklahoma Pardon and Parole Board to deny parole.[1]   The matter has been

referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Respondent has moved to dismiss the Petition on grounds that Petitioner has failed

to state a claim upon which federal habeas corpus relief may be granted.  *See* Respondent's

Motion to Dismiss and Brief in Support [Doc. ##7-8]. Petitioner has filed a response to the

motion [Doc. #10] and the matter is now at issue. For the reasons set forth below, it is

recommended that Respondent's Motion to Dismiss be granted and that the Petition be

dismissed because Petitioner has failed to state a claim upon which federal habeas relief may

be granted.

---

[1]Petitioner filed this action on a 28 U.S.C. § 2254 form petition.  However, it is apparent
from the petition that Petitioner is challenging the denial of parole, not his state court conviction and
sentence. Therefore, 28 U.S.C. § 2241 governs his request for habeas relief.  *See Hamm v. Saffle*,
300 F.3d 1213, 1216 (10th Cir. 2002) (a challenge to the execution of a sentence is properly brought
pursuant to 28 U.S.C. § 2241 whereas a challenge to the validity of the conviction and sentence is
properly brought pursuant to 28 U.S.C. § 2254).

## I.   <u>Relevant Background</u>

Petitioner is currently in the custody of the Oklahoma Department of Corrections serving a 199-year sentence for a 1990 second degree murder conviction, Case No. CRF-85-698, District Court of Oklahoma County, State of Oklahoma.  Petitioner claims in this action that the Oklahoma Pardon and Parole Board (the Board) unconstitutionally denied parole on January 24, 2008, because the Board relied on false information in reaching its decision. Petitioner alleges that Assistant District Attorney, Cynthia Troung, told the Board that Petitioner "'maintains he was set up to take the fall for a guy who testified against him'" and that "petitioner has been linked to the victim by hair fragments found on the victim's body and clothing." *See* Petition at 5.

The hair fragment evidence to which Petitioner refers relates to the testimony of Joyce Gilchrist, a former Oklahoma City police chemist.  In 2001, pursuant to an FBI investigation, her forensic testimony, qualifications and procedures were called into question in a number of criminal cases, including Petitioner's.   However, following the FBI investigation, Petitioner unsuccessfully challenged his conviction in a federal habeas proceeding based on the alleged falsity of Ms. Gilchrist's testimony.  *See Parker v. Sirmons*, 237 Fed Appx. 334, 336 (10th Cir. June 8, 2007) (unpublished op.).  Rejecting Petitioner's habeas claim, the Tenth Circuit found:

> [T]he DNA evidence invoked by Mr. Parker does not suggest that [Ms. Gilchrist's] testimony at his trial concerning the hair fragment analysis was false, and there is no other basis for the claim of falsity.  The DNA test showed that, because they are maternally related, Mr. Parker and Mr. Briggs have the same mitochondrial DNA profile. Based on that evidence, neither Mr. Parker

nor Mr. Briggs can be excluded as the source of the hairs. To be sure, that differs from Ms. Gilchrist's testimony that Mr. Briggs could not have been the source. It also differs from the defense expert's testimony that neither man could be the source. But neither Ms. Gilchrist nor the defense expert based their testimony on DNA analysis, but on the basis of a comparison of the physical characteristics of the hair samples. It is not logically inconsistent for one test to conclude that both men could be the source of the hair and the other test to exclude one or both of the suspects. Moreover, Ms. Gilchrist appropriately acknowledged the subjective character of her testimony. We cannot conclude that Mr. Parker has shown that she lied.

*Id*. at 336.

Respondent does not address Petitioner's claim that the Board relied upon false information to deny parole. Instead, Respondent seeks dismissal of Petitioner's habeas action on the ground that even if the Board considered false information, Petitioner has no constitutionally protected liberty interest in parole and, therefore, is not entitled to federal habeas corpus relief.

## II.    Analysis

Petitioner has previously brought a federal due process challenge to a prior decision of the Board to deny parole. *See Parker v. Sirmons*, 152 Fed. Appx. 705 (10th Cir. Oct. 7, 2005) (unpublished op.). Similar to the claim raised here, in that action, Petitioner maintained that "the Board based its decision to deny his parole request on an arbirtrary or constitutionally impermissible reason." *Id*. at 707. Petitioner challenged the parole denial on both procedural and substantive due process grounds, claiming that the Board's decision was based solely on the fact that his victim was a police officer.

The Tenth Circuit rejected Petitioner's procedural due process challenge on two grounds. First, "'[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" *Id.* at 707 *quoting Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Second, as made clear under both Tenth Circuit and Oklahoma precedent, the State of Oklahoma has not "affirmatively create[d] a liberty interest by enacting mandatory statutes that limit the parole board's discretion . . . ." *Id.* For this reason, no liberty interest in parole exists to which procedural due process protections attach. *See Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) (holding that because there is no liberty interest in parole and the Oklahoma statutes did not create such an interest, prisoners were not entitled to due process protections).

The Tenth Circuit also rejected Petitioner's substantive due process challenge to the denial of parole. *See Parker*, 152 Fed. Appx. at 708. The Court reasoned that "the majority of other circuits to address the question have found that the requirement of a state-created liberty interest is the threshold requirement for any due process claim – whether substantive or procedural." *Id.* (citing case law from the Fifth, Eighth and Eleventh Circuits). The Court further reasoned that the Oklahoma Supreme Court "has confirmed that Oklahoma has not created a liberty interest in parole for purposes of substantive due process." *Id. citing Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999) (rejecting Oklahoma prisoner's substantive due process claim based on parole board's consideration of an improper letter

4

from prosecuting attorney because "[t]he parole function *neither* leads to *nor* may ripen into a liberty interest") (emphasis in original).

The Tenth Circuit's analysis and rejection of Petitioner's previous parole challenge applies with equal force here, whether Petitioner brings a procedural due process challenge, a substantive due process challenge, or both.  *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998) (applying liberal construction to *pro se* pleadings).  As with his prior challenge, Petitioner's instant petition fails to state grounds for federal habeas relief.

The only basis for factually distinguishing the nature of the instant petition is that Petitioner alleges the Board relied on "false" information as opposed to "arbitrary and impermissible" information.[2]  That distinction, however, does not change the result.  The Tenth Circuit has rejected, in an unpublished opinion, a prisoner's due process challenge to the denial of parole based on allegations that the parole board used false information in considering the parole application.  *Maghe v. Koch*, No. 96-7060, 1997 WL 76014 at **3-4 (10th Cir. Feb. 24, 1997).  The Tenth Circuit based its holding on the fact that the prisoner had no liberty interest in obtaining parole under Oklahoma's discretionary parole system. *Id*. at *4.

_____

[2]Significantly, the basis for challenging the most recent parole denial -- the Board's alleged reliance on false evidence -- contradicts prior judicial findings.  As set forth above, the Tenth Circuit, in addressing Petitioner's § 2254 habeas challenge to his conviction, expressly found that the record does not support a claim that Ms. Gilchrist's testimony concerning the hair fragment analysis was false.

5

In sum, Petitioner has failed to allege the denial of a federal constitutional right. Respondent's Motion should therefore be granted and the Petition should be dismissed.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. ##7-8] be granted and that the Petition be dismissed with prejudice because Petitioner has failed state a claim upon which federal habeas relief may be granted.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by May __5th__, 2008. *See* Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this __14th__ day of April, 2008.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE