IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-08-114-D |
| | ) |
| WALTER DINWIDDIE, Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636 (b)(1)(B)-(C). Judge Couch recommends that Respondent's Motion to Dismiss for Failure to State a Claim be granted and that the Petition, construed as one seeking a writ of habeas corpus under 28 U.S.C. §2241, be dismissed with prejudice. Petitioner, a state prisoner appearing *pro se*, has filed a timely written objection. Thus, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner seeks federal habeas relief based on a claim that he was denied due process by the Oklahoma Pardon and Parole Board in connection with an application for specialized parole under Okla. Stat. tit. 57, § 365. Relying on the Tenth Circuit's disposition of a prior case in which Petitioner challenged an earlier decision of the Board denying him parole, Judge Couch finds that Petitioner's current challenge fails for the same reasons, namely, that he lacks a liberty interest in parole that is protected by the Due Process Clause. *See Parker v. Sirmons*, 152 F. App'x 705 (10th Cir. 2005). In his objection, Petitioner argues that he has a constitutionally protected liberty interest

in parole under the statute now at issue and that, even absent a liberty interest, he has a due process right not to be denied parole based on false information provided to the Board.

The Court first rejects Petitioner's argument that, unlike Oklahoma's discretionary parole system under Okla. Stat. tit. 57, § 332 *et seq.*, Section 365 creates a liberty interest protected by due process guarantees under *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 12 (1979). Petitioner cites no legal authority for his position, and the Court has found none. The "specialized parole" program to which Petitioner claims entitlement replaced Oklahoma's preparole conditional supervision (PPCS) early release program, which existed under Section 365 prior to its amendment in 1997. The court of appeals has previously determined that, under the PPCS program, a constitutionally protected liberty interest arose only upon release from confinement and not when an inmate became eligible, or was recommended, for the program. *See Boutwell v. Keating*, 399 F.3d 1203, 1212 (10th Cir. 2005).

Further, an examination of the statute leads the Court to conclude that no protected liberty interest in specialized parole exists under *Greenholtz*. Contrary to Petitioner's position, Section 365 merely establishes guidelines by which certain prisoners "*may* be considered by the Pardon and Parole Board for a specialized parole." *See* Okla. Stat. tit. 57, § 365 (A) (emphasis added). The only right afforded to an inmate who meets the criteria for specialized parole is having his or her case considered by the parole board. *See id*. § 365(B). The statute does not mandate specialized parole for eligible inmates. Now, as under the PPCS program, specialized parole "is conditioned upon the recommendation by the Parole Board, and while the statute places restraints on eligibility for [specialized parole], it in no way limits the Parole Board's discretion as to which of the eligible inmates should be recommended." *Boutwell*, 399 F.3d at 1214. Because Section 365 does not create

an expectancy that an eligible inmate will be selected for specialized parole nor sufficiently restrict the Board's discretion, Petitioner does not possess a liberty interest in specialized parole created by state law.

The Court also rejects Petitioner's argument that the Due Process Clause prohibits the Board's use of false information in considering his application for specialized parole, even if he has no liberty interest in participation in the program. The case on which he relies, *Maghe v. Koch*, No. 90-7060, 1997 WL 76014 (10th Cir. Feb. 24, 1997), did not so hold. A case cited in *Maghe* for the proposition that a parole board may not knowingly rely on false information to deny parole regardless of any liberty interest, *Monroe v. Thigpen*, 932 F.3d 1437, 1441-42 (11th Cir. 1991), is not implicated by the alleged facts of this case. Petitioner complains of statements reportedly made by an assistant district attorney who provided information to the Board concerning his case and testimony presented in his trial by police chemist Joyce Gilchrist, which was later discredited by the FBI. *See* Petition [Doc. No. 1] at 5-5a. Unlike *Monroe*, Petitioner does not allege that state officials specifically relied on admittedly false information in deciding not to recommend him for specialized parole. Rather, he alleges that erroneous information was provided to the Board, and he speculates that the information affected the Board's decision. Such allegations are insufficient to state a cognizable claim. *See Slocum v. Georgia State Bd.*, 678 F.2d 940, 941 (11th Cir. 1982) (distinguished in *Monroe*); *see also Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (distinguishing *Monroe*); *Maghe*, 1997 WL 76014 at *4, n.2 (same).

For these reasons, the Court overrules Petitioner's Objections [Doc. No. 12] and adopts the Report and Recommendation [Doc. No. 11].

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss for Failure to State a Claim [Doc. No. 7] is granted, and the Petition [Doc. No. 1] is dismissed with prejudice to refiling. Judgment will be entered accordingly.

IT IS SO ORDERED this 5th day of May, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE