IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
|             Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-08-114-D |
| WALTER DINWIDDIE, Warden, | ) ) ) |
|             Respondent. | ) |

**O R D E R**

Before the Court is Petitioner's *pro se* Motion to Alter or Amend Judgment and/or to Reconsider the Court's Order of May 5, 2008, Pursuant to Rule 59(e), Fed. R. Civ. P. [Doc. No. 15]. Petitioner filed his Motion within 10 days after entry of the Judgment on May 5, 2008. Thus, the Court treats the Motion as a timely filed motion under Fed. R. Civ. P. 59(e).[1] So construed, the Court finds the Motion should be denied.

"A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotations omitted). It is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). It may be appropriate, however, "where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

---

[1] "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Where, as here, the motion is filed within ten days after the entry of a judgment and seeks "'reconsideration of matters properly encompassed in a decision on the merits,'" it should be construed as a motion to alter or amend the judgment under Rule 59(e). *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 (1989)).

Petitioner states two reasons why the Court should revisit the issues addressed in its Order of May 5, 2008. First, Petitioner contends the Court misconstrued Oklahoma's specialized parole statute, 57 Okla. Stat. tit. 57, § 365, and wrongly concluded that the statute does not create a liberty interest protected by the Due Process Clause. Upon review of Petitioner's arguments in support of this contention, the Court finds no basis for relief from the Judgment. In issuing the May 5 Order, the Court neither misapprehend Petitioner's position nor the controlling law.

Second, Petitioner contends the Court failed to accept as true all factual allegations of his Petition and, therefore, wrongly found it to be subject to dismissal under Fed. R. Civ. P. 12(b)(6). Specifically, Petitioner asserts he "unequivocally alleged that the parole board 'specifically relied' on 'admittedly false' information to deny petitioner's parole" and thus sufficiently stated a due process claim under *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991). *See* Motion at 3. The Court stands by its prior determination that Petitioner has failed to state a claim for relief from the Oklahoma Pardon and Parole Board's decision not to recommend him for specialized parole.[2] Although Petitioner alleged that false information was supplied to the Parole Board, neither the allegations of the Petition nor the attached newspaper articles indicate any admission by the Parole Board that it knowingly relied on false information to deny Petitioner parole. *Cf. Monroe*, 932 F.2d at 1442. Further, whatever the contours of the due process right recognized by the Eleventh Circuit

---

[2] *Although the May 5 Order addressed Petitioner's arguments regarding specialized parole, it is unclear from the Petition or his brief in opposition to Respondent's motion to dismiss whether the Parole Board decision at issue concerned specialized parole. See Petr's Resp. Mot. Dism. [Doc. No. 10] at 1 (discussing parole under Okla. Stat. tit. 57, § 332.7).*

in *Monroe*, the Court has found no legal authority for the proposition that the Tenth Circuit has adopted a similar rule.[3]

    IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. No. 15] is DENIED.

    IT IS SO ORDERED this 3rd day of June, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] *The Fifth Circuit has rejected Monroe and opined that the Eleventh Circuit has effectively overruled it. See Johnson v. Rodriguez, 110 F.3d 299, 308-09 & n.13 (5th Cir. 1997).*